**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIEL J. COHEN and                    :
LYNN COHEN, h/w                         :
878 Brighton Place                      :        COMPLAINT AND ARBITRATION
Warwick, PA   18974                     :        DEMAND
            Plaintiffs      :
                       :
    v.                                  :        NO.:
                       :
UNITED STATES POSTAL SERVICE            :
1135 Mearns Road                        :
Warminster, PA   18974                  :
            Defendant       :

## CIVIL ACTION COMPLAINT

1.  Plaintiffs, Daniel J. Cohen and Lynn Cohen, h/w, are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, residing therein at 878 Brighton Place, Warwick, Pennsylvania.

2.  Defendant, United States Postal Service is a federal governmental agency, operating numerous post offices, including the post office which was the site of the incident from which this action arises, located at 1135 Mearns Road, Warminster, Pennsylvania.

3.  On or about August 24, 2020, Plaintiff, Daniel J. Cohen, was a business invitee at the aforesaid post office that was owned, leased, possessed, controlled, supervised, managed and/or maintained by Defendant, when he was caused to trip and fall over a defective condition, specifically a section of black metal railing vertically affixed to the floor within the small, poorly lit entry vestibule which was situated in such a way that it constituted a tripping hazard to business invitees entering the premises, although a similar railing on several feet away was painted or marked with conspicuous yellow warning indicators, indicating awareness of the hazard, as indicated by the photograph below:



4.    As a result of the fall, plaintiff sustained bodily injuries more particularly sustained hereinafter.

5.    At all relevant times, the Defendant had exclusive control over the Premises, including control of the vestibule area, which was permitted to remain in an unreasonably dangerous condition, despite the likelihood that entering business invitees might not see the downfacing section of the railing, and thereby created a hazard and a trap for the unwary, in a location which would foreseeably be traversed by business invites such as the plaintiff on a constant basis throughout the course of the post office's operating hours.

6.    At all times relevant hereto, Defendant, by and through its agents, servants workmen and/or employees, had actual and/or constructive notice of the aforesaid condition located in the vestibule area, in that an adjacent railing was clearly marked so as to make it more conspicuous, but Defendant failed to warn the Plaintiff or mark the railing at the entry to eliminate the hazard it presented.

7. In the alternative Defendant's agents, servants, workmen and/or employees placed the railing in the area in question, thereby creating the hazard, which as a matter of law establishes actual notice of the defective condition.

## COUNT I

## PLAINTIFF V. DEFENDANT

8. Plaintiff hereby incorporates the averments set forth in the preceding paragraphs by reference as though same were more fully set forth at length herein.

9. The negligence and carelessness of the Defendant, through their agents, servants, workmen and employees, consisted of, but is not limited to the following:

   (a) permitting, allowing or creating a dangerous condition to exist within the premises which was supervised, maintained, controlled, managed and/or owned by Defendant, after they knew or should have known of said condition;

   (b) failing to inspect and/or negligently inspecting the vestibule of the premises;

   (c) failing to give Plaintiff proper and due notice of the dangerous condition existing on the premises under their care, supervision and maintenance;

   (d) failing to give plaintiff proper and due notice of the dangerous condition existing in the vestibule of its store;

   (e) failing to place warnings, proper barricades at the point of the incident to prevent the occurrence heretofore recited;

   (f) failing to give Plaintiff proper and adequate protection to which he was entitled to as a business invitee of Defendant;

   (g) failing to inspect and/or negligently inspecting the area in question;

(h)    in being otherwise careless and negligent in fact and at law, as may be ascertained during the pendency of this case, to the extent that such negligent acts and omissions are consistent with and do not materially vary from the specifically articulated acts and/or omissions set forth above.

10.    As a direct result of the aforesaid negligence and carelessness of the Defendant, Plaintiff, Daniel J. Cohen, suffered serious and painful injuries, including but not limited to:   injury to his left shoulder, left arm, left wrist, left hip and left knee and damage to his bones, cells, muscles, tissues and his nervous system, some or all of which may be permanent in nature.

11.    As a further result, Plaintiff has suffered such other injuries as might be discovered during the pendency of this case.

12.    As a further result of the incident, Plaintiff has been forced to expend various and diverse sums of money for medical treatment and care in an effort to treat and cure his injuries and ills, and may be required to continue to do so in the future.

13.    As a further result of this incident, Plaintiff has suffered and may in the future suffer mental anguish, emotional suffering and other non-economic losses.

14.    As a further result, Plaintiff has suffered an interference with his usual duties, chores, life's pleasures and opportunities and may continue to suffer such interference in the future.

15.    Plaintiff in no manner contributed to his injuries, which resulted from the direct negligence of Defendant, and not from any act or failure to act on the part of Plaintiff.

16.    Prior to filing this action, plaintiff provided timely and adequate notice of his claim to the government on May 7, 2021.

17. On September 27, 2021, the government denied same claim by and through the letter attached as Exhibit "A", thereby allowing plaintiff to commence this action.

WHEREFORE, Plaintiff, DANIEL J. COHEN demands judgment against Defendant, UNITED STATES POSTAL SERVICE, in an amount not in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs of suit and delay damages.

## COUNT II

## PLAINTIFF, LYNN COHEN V. DEFENDANT

18. Plaintiff hereby incorporates the preceding Paragraphs, by reference, as though same were more fully set forth at length herein.

19. As a direct result of the negligence of the Defendant, as aforementioned, and of the injuries to her husband as a result thereof, Plaintiff, Lynn Cohen, has been obliged to expend various sums of money for medical attention and care and for medicines in an attempt to cure her husband of his injuries and she will be obliged to expend additional sums of money for the same purpose in the future.

20. As a further result of the foregoing, Plaintiff, Lynn Cohen, has been deprived of her husband's assistance, comfort, companionship, services and consortium and she will continue to be so deprived for an indefinite time into the future.

WHEREFORE, Plaintiff, LYNN COHEN, demands judgment against the Defendant, UNITED STATES POSTAL SERVICE, in an amount not in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs of suit and delay damages.

FLAGER & ASSOCIATES, P.C.

By: _____

Michael S. Levin
Attorney for Plaintiffs